IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH E. BRADLEY AND<br>KATHLEEN BRADLEY<br>956 Shackamoxon Street<br>Philadelphia, PA  19125<br><br>               Plaintiffs,<br><br>v.<br><br>AIR AND LIQUID SYSTEMS CORP.,<br>As successor by merger to Buffalo Pumps, Inc.<br>c/o C.T. Corporation Systems<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA  17101<br><br>ARVIN MERITOR, INC., as successor in<br>interest to former automotive products<br> Division of Rockwell International<br>Corporation<br>2135 West Maple Road<br>Troy, MI  48084<br><br>AURORA PUMP<br>13320 Ballantyne Corporate Plaza<br>Charlotte, NC  28277<br>Attn:  Lynette Jones<br><br>A.W. CHESTERTON, INC.<br>860 Salem Street<br>Groveland, MA  01834<br><br>BAYER CROPSCIENCE, as successor to<br>AMCHEM Products, Inc. (Benjamin Foster<br>Division)<br>2 TW Alexander Drive<br>Research Triangle PA, NC  27709<br><br>BORG WARNER MORSE TEC, LLC,<br>As successor-by-merger to Borg-Warner<br>Corporation<br>CT Corporation<br>1209 Orange Street<br>Wilmington, DE  19801 | CIVIL ACTION NO.<br><br>19-cv_____<br><br>ASBESTOS CASE<br><br>NOTICE OF REMOVAL BY<br>DEFENDANTS CBS CORPORATION<br>AND GENERAL ELECTRIC COMPANY<br><br>JURY TRIAL DEMANDED |

BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC,
Successor to Bridgestone/Firestone
535 Marriott Drive
Nashville, TN 37214

CARLISLE CORP.
c/o Prentice Hall Corp.
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

CARRIER CORPORATION
Carrier Parkway
P.O. Box 4808
Syracuse, NY 13221

CBS CORPORATION, a Delaware
Corporation, f/k/a Viacom Inc. successor by
merger to CBS Corp., as Pennsylvania
Corporation, f/k/a Westinghouse Electric
Corp.
20 Stanwix Street
Pittsburgh, PA 15222

CERTAIN-TEED CORPORATION
20 Moores Road
Malvern, PA 19355

COPES VULCAN
Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

CROSBY VALVE LLC
55 Cabot Boulevard
Mansfield, MA 02048

DANA COMPANIES, LLC, sued
individually and as successor-in-interest to
Victor Gasket Manufacturing Co.
900 West South Boundary Street
Building 8, Suite A
Perrysburg, OH 43551

DAP, INC.
2400 Boston Street, Suite 200
Baltimore, MD 21224

DREVER COMPANY
124 S. York Road
Hatboro, PA 19040

DURAMETALLIC CORPORATION
2104 Factory Street
Kalamazoo, MI 49001

FEDERAL-MOGUL ASBESTOS
PERSONAL INJURY TRUST, as successor
to Felt Products Manufacturing Company
c/o Wilmington Trust, SP Services, Inc.
1105 N. Market Street, Suite 1300
Wilmington, DE 19801

FORD MOTOR COMPANY
c/o C.T. Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101

FOSTER WHEELER LLC
Perryville Corporate Park
Clinton, NJ 08809-4000

GENERAL ELECTRIC CO.
41 Farnsworth Street
Boston, MA 02201

GENUINE PARTS CO.
c/o C.T. Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101

GOULDS PUMPS, INC., n/k/a Goulds
Pumps LLC
240 Fall Street
Seneca, NY 13148

GREENE, TWEED & CO.
c/o Greene, Tweed NC, LLC
227 West Trade Street, Suite 2170
Charlotte, NC 28202

HONEYWELL INTERNATIONAL, INC., as successor in interest to Allied Signal, Inc., as successor in interest to Bendix Corporation
Columbia Road & Park Avenue
Morristown, NJ  07960

IMO INDUSTRIES, INC.,
Individually and as Successor to DeLaval Steam Turbine Company
c/o The Corporation Trust Comp.
1209 Orange Street
Wilmington, DE  19801

INGERSOLL-RAND COMPANY
Corporate Center
One Centennial Avenue
Piscataway, NJ  08854

JOHN CRANE, INC., f/k/a Crane Packing Company
6400 W. Oakton Street
Morton Grove, IL  60053

KELSEY HAYES CO.
12001 Tech Center Drive
Livonia, MI  48150

KEELER/DORR-OLIVER BOILER CO.
c/I Walter S. Jenkins, Esquire
Three Logan Square, Suite 3710
1717 Arch Street
Philadelphia, PA  19103-2832

METALLO GASKET COMPANY
16 Bethany Street
New Brunswick, NJ  08903

METROPOLITAN LIFE INSURANCE CO.
200 Park Avenue
New York, NY  10166

MILWAUKEE VALVE COMPANY
16550 West Stratton Drive
New Berlin, WI  53151-7301

| | |
|---|---|
| PECORA CORPORATION<br>165 Wambold Road<br>Harleysville, PA  19438<br><br>PEP BOYS<br>c/o Jennifer W. Darger, Esq.<br>Darger Errante Yavitz & Blau LLP<br>116 East 27th Street at Park Avenue,<br>12th Floor<br>New York, NY  10016<br><br>PNEUMO-ABEX CORP., successor in interest to Abex Corporation<br>c/o Prentice Hall Corp. System<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA  17110<br><br>TRANE U.S. INC.,<br>f/k/a American Standard, Inc.<br>One Centennial Avenue<br>Piscataway, NJ  08855<br><br>UNION CARBIDE CORPORATION<br>c/o C.T. Corporation Systems<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA  17101<br><br>WARREN PUMPS, LLC<br>82 Bridges Avenue<br>Warren, MA  01083,<br><br>                    Defendants. | |

## NOTICE OF REMOVAL BY DEFENDANTS
## CBS CORPORATION AND GENERAL ELECTRIC CORPORATION

Defendants CBS Corporation[1] ("CBS") and General Electric Company ("General Electric") hereby remove the above-styled civil action from the Court of Common Pleas of

---

[1] CBS Corporation, a Delaware corporation f/k/a Viacom Inc., is a successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation ("Westinghouse").

5

Philadelphia County, Pennsylvania, asserting "federal officer" jurisdiction under 28 U.S.C. § 1442(a)(1), as one or more of the claims stated against them fall within the jurisdictional scope of that statute. While reserving the right to respond more fully if a remand is sought by Plaintiffs, CBS and General Electric offer the following short and plain statement of the basis for their removal as required by 28 U.S.C. § 1446(a).

## OVERVIEW OF BASIS FOR REMOVAL

1. As provided by § 1442(a)(1), a civil action that is commenced in a state court against, or directed to, "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1).

2. A notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b)(3).

3. Removal of this case is proper because one or more of the claims stated against CBS and General Electric in this case fall within the jurisdictional scope of § 1442(a)(1) and removal has been effected within thirty days after receipt by CBS and General Electric of a "paper from which it may first be ascertained that the case is one which is or has become removable" in conformance with § 1446(b)(3).

4. On December 21, 2017, Plaintiffs filed their Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, against 39 defendants, under caption *Kenneth E.*

*Bradley and Kathleen Bradley, h/w v. Honeywell International, Inc., et al.*, CCP Phila. Pa. 171203217. Complaint, **Exhibit A**.

5.  Plaintiffs' Complaint alleges that Kenneth E. Bradley ("Mr. Bradley") was exposed to asbestos during portions of his 1971-1975 service in the U.S. Army as a member of the motor pool, his 1975-1999 employment at the Philadelphia Naval Shipyard ("PNSY") as a laborer, shipfitter and manager, his private employments at other times, and performing personal motor vehicle work and home repair work. Ex. A, Compl. Para. 3.

6.  On May 8 and 9, 2019 Mr. Bradley gave a deposition. He testified, among other things, that he was exposed to asbestos from Westinghouse and General Electric "turbines" and "generators" at various times during his work as a shipfitter at PNSY on U.S. Navy ("Navy") ships, including the *U.S.S. Forrestal*, *U.S.S. Guam*, *U.S.S. Iowa*, *U.S.S. Kittyhawk*, *U.S.S. Luce*, *U.S.S. Mayhan*, *U.S.S. New Jersey*, and *U.S.S. Saratoga*.

7.  While denying the adequacy, sufficiency, or admissibility of the above-allegations to show or establish any actual asbestos exposure from any Westinghouse or General Electric equipment, the transcript of Mr. Bradley's deposition testimony constitutes a writing asserting claims relating to equipment, specifically turbines and generators, supplied by Westinghouse and General Electric to the Navy, for which CBS and General Electric have a colorable defense that such equipment was supplied under federal officer control.

## APPLICATION OF § 1442(a)(1) IN THIS CASE

8.  Jurisdiction exists under § 1442(a)(1) whenever: the removing defendant is a "person" within the meaning of the statute; a causal nexus exists between the removing defendant's actions, taken pursuant to a federal officer's directions and under color of federal office, and the plaintiff's claims; and the removing defendant can state a "colorable federal defense" to one or

7

more[2] of the claims stated against it. *See, e.g., Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989).

9. As corporations, CBS and General Electric are "persons" within the meaning of 28 U.S.C. § 1442(a)(1). *See, e.g., Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017); *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3d Cir. 2016); *Leite v. Crane Co.*, 749 F.3d 1117, 1122, n.4 (9th Cir.), *cert. denied*, 135 U.S. 361 (2014); *Ruppel*, 701 F.3d at 1181; *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999).

10. In all relevant aspects of their design, manufacture, and supply of turbines and generators to the Navy for use aboard Navy vessels (including any warnings or other written materials to be furnished therewith), Westinghouse and General Electric were acting under the direction and control of one or more federal officers.

11. More specifically, to the extent plaintiff asserts that such equipment contained asbestos, the equipment was designed, manufactured, and supplied according to precise, detailed military specifications (or "MilSpecs") which were promulgated and/or heedfully approved by the Navy and which, at all times relevant to this case, specifically and expressly dictated the use of asbestos-containing materials with all Navy turbines and turbines, including any such Westinghouse and General Electric equipment aboard the above-referenced Navy ships. Notably,

---

[2] "[I]f one claim cognizable under [§ 1442(a)(1)] is present, the entire action is removed, regardless of the relationship between the [§ 1442(a)(1)] claim and the non-removable claims." *National Audubon Soc'y v. Department of Water & Power*, 496 F. Supp. 499, 507 & 509 (E.D. Cal. 1980). *See also Ruppel v. CBS Corp.*, 701 F.3d 1176, 1182 (7th Cir. 2012).

the Navy required the use of such asbestos-containing components despite the fact that it was, at all times relevant to this case, independently aware of asbestos-related health hazards.

12. Navy engineers collaborated with engineers employed by the Navy's equipment suppliers (such as Westinghouse and General Electric) to design a propulsion system for a ship or class of ships. Moreover, Navy officers, including Navy officers in residence in Westinghouse's and General Electric's manufacturing facilities, undertook ongoing and detailed oversight of the manufacture of Westinghouse's and General Electric's Navy equipment, enforcing strict compliance with the Navy's MilSpecs and other Navy directives. In particular, all materials used in the manufacture of Westinghouse's and General Electric's Navy equipment — including any asbestos-containing materials — were analyzed and approved by the Navy. Finally, Westinghouse's and General Electric's Navy equipment was subjected to various tests and trials supervised by the Navy before it was approved for use on Navy vessels.

13. The Navy's detailed and ongoing oversight extended to any warnings or other written materials (*i.e.*, markings, information plates, or technical manuals) to be furnished with Westinghouse's and General Electric's Navy equipment. All such written materials were likewise governed by the Navy's MilSpecs, and were carefully examined and approved by Navy officers to ensure full compliance therewith. In particular, Westinghouse and General Electric were prohibited from providing any equipment-related warning that had not been reviewed and expressly approved by Navy officers.

14. In sum, no material aspect of the design, manufacture, and/or supply of Westinghouse's and General Electric's Navy equipment (and of any warnings or other written materials to be supplied therewith) escaped the close control of the Navy and its officers, who retained "final say" authority in all such regard. In light of these facts, numerous courts have held

that Westinghouse and General Electric were "acting under a federal officer" in their design, manufacture, and supply of their Navy equipment. *See, e.g., See, e.g., Ruppel*, 701 F.3d at 1181; *French v. A.W. Chesterton Co.*, No. 16-cv-1777, 2016 WL 6649281, at *3 (N.D. Ohio Nov. 10, 2016); *Esser v. CBS Corp.*, No. 15-cv-395, 2016 WL 452309, at *6 (D. Del. Feb. 5, 2016); *Laurent v. City of New Orleans*, No. 14-cv-2022, 2014 WL 5410654, at *3 (E.D. La. Oct. 23, 2014); *Commardelle v. Pa. Gen. Ins. Co.*, No. 13-cv-6555, 2014 WL 1117969, at *3-4 (E.D. La. Mar. 28, 2014); *Shepherd v. Air & Liquid Sys. Corp.*, No. 12-cv-143, 2012 WL 5874781, at *8-9 (D.R.I. Nov. 20, 2012); *Vedros v. Northrop Grumman Shipbuilding*, No. 11-cv-6728, No. 2012 WL 3155180, at *6 (E.D. Pa. Aug. 2, 2012); *Najolia v. Northrop Grumman Ship Sys.*, 883 F. Supp. 2d 646, 653-54 (E.D. La. 2012); *Morgan v. Bill Vann Co.*, No. 11-cv-0535, 2011 WL 6056083, at *3 n.3 (S.D. Ala. Dec. 6, 2011); *Kite v. Bill Vann Co.*, No. 11-cv-0444, 2011 WL 4499345, at *4 (S.D. Ala. Sept. 29, 2011); *Dupre v. Todd Shipyards Corp.*, No. 11-cv-2097, 2011 WL 4551439, at *6 (E.D. La. Sept. 29, 2011); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 990 (C.D. Ill. 2011); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1334-35 (N.D. Ala. 2010); *Allen v. CBS Corp.*, No. 09-cv–1112, 2009 WL 4730747, at *2 (D. Conn. Dec. 1, 2009); *Mitchell v. AC and S, Inc.*, No. 04-cv-2713, 2004 WL 3831228, at *2 (E.D. Va. Dec. 15, 2004); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002); *Carter v. AC and S, Inc.*, No. 02-cv-194, 2002 WL 31682352, at *4-5 (E.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1326 (E.D. La. 1994); *Pack v. AC and S, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992). CBS and General Electric submit that these authorities have properly interpreted and applied 28 U.S.C. § 1442(a)(1) and that a similar ruling would be appropriate in this case in the event Plaintiffs seek to remand this matter to state court.

15.  It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement. *Madden*, 205 F. Supp. 2d at 701-02. Accordingly, and as again held by numerous courts, the "causal nexus" standard is satisfied as to asbestos-related injury claims involving Westinghouse's and General Electric's Navy equipment. *See, e.g., Ruppel*, 701 F.3d at 1181; *French*, 2016 WL 6649281 at *4; *Laurent*, 2014 WL 5410654, at *3; *Shepherd*, 2012 WL 5874781 at *8-9; *Vedros*, 2012 WL 3155180 at *8; *Kite*, 2011 WL 4499345 at *4; *Dupre*, 2011 WL 4551439 at *6; *Ellis*, 798 F. Supp. 2d at 990; *Corley*, 688 F. Supp. 2d at 1334-35; *Allen*, 2009 WL 4730747 at *2-3; *Mitchell*, 2004 WL 3831228 at *5; *Madden*, 205 F. Supp. 2d at 701-02; *Crocker*, 852 F. Supp. at 1327.

16.  As to the question of a colorable federal-law based defense, CBS and General Electric hereby assert a government contractor defense under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988) because to the extent that Westinghouse and General Electric designed, manufactured and supplied the Navy equipment at issue in this case: 1) Westinghouse and General Electric designed, manufactured and supplied such Navy equipment (and all associated warnings or other writings) in accordance with "reasonably precise specifications" promulgated or heedfully approved and adopted by the Navy; 2) such Westinghouse and General Electric equipment (and associated writings) conformed with those specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure. Once again, numerous courts considering the propriety of the removal of asbestos-related claims involving Westinghouse's and General Electric's Navy equipment have found that CBS and General Electric can, accordingly, state at least a colorable government contractor defense in

11

relation to such claims. *See, e.g., Ruppel*, 701 F.3d at 1183-86; *French*, 2016 WL 6649281 at *4; *McMann v. Air & Liquid Sys. Corp.*, 2014 WL 1794694 at *4-6 (W.D. Wash. May 6, 2014); *Commardelle*, 2014 WL 1117969 at *5-6; *Willis v. Buffalo Pumps, Inc.*, 2013 WL 1316715 at *3 (S.D. Cal. Mar. 29, 2013); *Shepherd*, 2012 WL 5874781 at *8-9; *Vedros*, 2012 WL 3155180 at *7; *Najolia*, 883 F. Supp. 2d at 657-58; *Morgan*, 2011 WL 6056083 at *6; *Kite*, 2011 WL 4499345 at *4; *Dupre*, 2011 WL 4551439 at *7; *Corley*, 688 F. Supp. 2d at 1334; *Allen*, 2009 WL 4730747 at *5; *Mitchell*, 2004 WL 3831228 at *4; *Crocker*, 852 F. Supp. at 1327; *Pack*, 838 F. Supp. at 1103.

17. In sum, and consistent with the short and plain statement of the law and facts offered herein, this Court has original jurisdiction over the subject matter of this suit under § 1442(a)(1) given that Westinghouse and General Electric were acting under an officer or agency of the United States relative to one or more of the claims stated against CBS and General Electric in this case, and they can state at least a colorable federal law-based defense to said claim or claims.

18. As noted above, while CBS and General Electric offer this statement to satisfy their obligation as removing defendants under § 1446(a) to provide a short and plain statement of the legal and factual basis for removal, they reserve the right, and request an opportunity, to respond more fully in writing to any motion for remand in this case, and to supplement the record with affidavits, declarations, and/or MilSpecs supporting the assertions of fact stated herein.

19. A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

20. CBS and General Electric have no duty to notify in advance, nor obtain the consent of, any other defendant to this action to remove this case under § 1442 (a)(1). *See, e.g., Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

21. CBS and General Electric have attached those documents required by 28 U.S.C. § 1446(a), the Local Rules of this Court, and/or the Local Rules of the Court of Common Pleas of Philadelphia County, Pennsylvania.

22. In compliance with 28 U.S.C. § 1446(d), CBS and General Electric will promptly provide written notice of this Notice of Removal to all adverse parties, and, promptly after the filing of this Notice of Removal, will file a copy thereof with the Office of Judicial Support of the Court of Common Pleas of Philadelphia County, Pennsylvania. *See* **Exhibit B**, Notice of Notice of Removal.

WHEREFORE, Defendants CBS Corporation and General Electric Company remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania in conformance with the requirements set forth in 28 U.S.C. §§ 1442 and 1446.

Dated: June 6, 2019

Respectfully submitted,

**McSHEA LAW FIRM, P.C.**

John P. McShea
Pa. Attorney Id. No. 34562
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, PA 19102-2100
(215) 599-0800/Phone
jmcshea@mcshealawfirm.com

Counsel for Defendants CBS Corporation and General Electric Company

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal and Exhibits thereto were served as indicated below on this 6th day of June, 2019:

### E-Mail

Edward M. Nass, Esq.
**Nass Cancellier Brenner**
151 Market Street, Suite 2000
Philadelphia, PA 19102

*Counsel for Plaintiffs*

### E-Mail

All Defense Counsel of Record

McSHEA LAW FIRM, P.C.

John P. McShea